## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 3:17-CV-01582-N** |
| **v.** | § § | |
| **ATLAS RESOURCES PARTNERS, L.P.,** | § § | |
| *Defendant.* | § § | |

### JOINT STATUS REPORT

NOW COME Defendant Atlas Resources Partners, L.P.[1] ("Atlas" or "Defendant") and Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") (collectively the "Parties"), and file their Joint Status Report pursuant to the Court's Order filed on August 16, 2017.

### SECTION I

a.      a **brief** statement of the nature of the case and the contentions of the parties;

*Plaintiff's brief statement:*

EEOC alleges that Defendant discriminated against William Hutto by subjecting him to different terms and condition of employment and terminating him because of his age. Hutto was 52 years-old at the time of his termination by Defendant.  Hutto began working for Defendant on April 30, 2012.  During Mr. Hutto's employment with Defendant, Hutto's supervisor, Production Superintendent Tyler Yelverton, made age-related comments at the worksite. EEOC also alleges

---

[1] Atlas Resources Partners, L.P. declared bankruptcy on September 1, 2016, was dissolved on September 9, 2016 and did not employ William Hutto.  Rather, he was employed by Atlas Energy Group, LLC. ("AEG").  For purposes of this Joint Report, "Atlas" will refer to both Atlas Resources Partners, L.P. and Atlas Energy Group, LLC.

that Defendant subjected Hutto to terms and conditions of employment, including the assignment of work routes, that were different than younger workers. EEOC alleges that on January 9, 2014, Defendant terminated Hutto from his position of Production Foreman because of his age.

*Defendant's brief statement:*

Contrary to Plaintiff's assertions, Atlas did not discriminate against former employee William Hutto because of his age or engage in any unlawful activities.  Mr. Hutto's employment was terminated for legitimate, non-discriminatory reasons:  He had ongoing performance issues that he failed to correct despite verbal and written counseling.  Defendant denies all liability associated with Plaintiff's claim of age discrimination, and disputes Plaintiff's entitlement to injunctive relief and costs incurred by filing this lawsuit.

**b.      the status of settlement discussions (excluding any discussions of amounts);**

The Parties have agreed to early mediation of this matter, which is scheduled for October 24, 2017.

**c.      possible joinder of additional parties;**

At this time the Parties do not anticipate the joinder of any additional parties.

**d.      any anticipated challenges to jurisdiction or venue;**

None.

**e.      date by which the case will be ready for trial and estimated length of trial;**

The Parties request a trial date of either October 15, 2018 or October 22, 2018. The Parties estimate the trial will be approximately 3-5 days.

**f.      the desirability of ADR, and the timing for ADR; and**

The Parties have agreed to mediate this matter on October 24, 2017 with mediator Cecilia Morgan at JAMS mediators in Dallas.

g.      any objections to disclosure under Rule 26(a)(1).

None.

## SECTION II

In accordance with Federal Rule of Civil Procedure 26(f), the Parties make the following disclosures:

A.      **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties agree and will make all disclosures required by Rule 26(a) on or before September 29, 2017.

B.      **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The Parties anticipate that discovery subjects may include: Plaintiff's claims, including Hutto's employment with and discharge from Atlas and his alleged damages, Hutto's employment after Atlas and any subsequent earnings, Atlas' defenses, and the Parties' designated experts, if any.

C.      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties estimate that they will need at least nine months to complete discovery. The Parties anticipate that a number of depositions will be required and that this case will likely entail written discovery and several depositions. Thus, the Parties respectfully request at least nine months for discovery.

The Parties do not anticipate issues about disclosure or discovery of ESI. The Parties will produce ESI in PDF form.

**D.      Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties do not anticipate issues with respect to the production of privileged documents or trial preparation materials. The Parties will comply with Rule 26(b)(5)(B) in the event either party inadvertently produces information subject to a claim of privilege or protection as trial-preparation material. The Parties anticipate that a protective order may be necessary in this matter to protect personal and confidential information. The Parties will work together to draft the agreed protective order, which may contain clawback provisions that address the protection of privileged and otherwise protected documents.

**E.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties agree that discovery should be conducted in accordance with the Federal Rules of Civil Procedure and any Scheduling Order entered in this case.  The Parties do not wish any changes to the discovery limitations already set forth in the Federal Rules of Civil procedure.

**F.      Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties anticipate that a protective order may be necessary in this case to protect confidential information, as contemplated under Rule 26(c) of the Federal Rules of Civil Procedure. The Parties will work together to draft the agreed protective order.

Dated:  September 8, 2017                                Respectfully submitted,


                                                        /s/ Vicki L. Gillette
                                                        VICKI L. GILLETTE (Attorney-in-Charge)
                                                        Texas State Bar No. 08957325
                                                        vgillette@littler.com
                                                        JESSICA E. ANDERSON
                                                        Texas State Bar No. 24082629
                                                        jeanderson@littler.com

                                                        LITTLER MENDELSON, P.C.
                                                        2001 Ross Avenue
                                                        Suite 1500, Lock Box 116
                                                        Dallas, TX  75201-2931
                                                        214.880.8100
                                                        214.880.0181 (Facsimile)

                                                        ATTORNEYS FOR DEFENDANT
                                                        ATLAS RESOURCES PARTNERS, L.P.

                                                        and,


                                                        /s/ Joel Clark
                                                        JOEL CLARK
                                                        Senior Trial Attorney
                                                        Texas State Bar No. 24050425
                                                        ROBERT A. CANINO
                                                        Regional Attorney
                                                        Oklahoma Bar No. 011782
                                                        SUZANNE M. ANDERSON
                                                        Supervisory Trial Attorney
                                                        Texas Bar No. 14009470

                                                        EQUAL EMPLOYMENT OPPORTUNITY
                                                        COMMISSION
                                                        207 South Houston Street
                                                        3rd Floor
                                                        Dallas, TX  75202
                                                        214.253.2743
                                                        214.253.2749 (Facsimile)

                                                        ATTORNEYS FOR PLAINTIFF
                                                        EQUAL EMPLOYMENT OPPORTUNITY
                                                        COMMISSION