IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| | } | CIVIL ACTION NO. |
| Plaintiff, | } } | 3:17-cv-01582 |
| v. | } } | |
| ATLAS ENERGY GROUP, L.L.C. | } } | FIRST AMENDED COMPLAINT |
| | } } | |
| Defendant. | } } | **JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of age and to provide appropriate relief to William A. Hutto. As alleged with greater particularity, Defendant Atlas Energy Group, L.L.C. discriminated against Mr. Hutto by terminating him because of his age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216 and 217.

**FIRST AMENDED COMPLAINT**

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Atlas Energy Group, L.L.C. ("Defendant"), has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged and to affect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. Section 626(b).

## STATEMENT OF CLAIMS

7. Since at least January 2014, the Defendant has engaged in an unlawful employment practice at its Texas facilities in violation of Sections 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a) and (d). Specifically, the EEOC alleges that on or about January 9, 2014,

Defendant terminated William Hutto because of his age.  Hutto was 52 years-old at the time of his termination by Defendant.

13. Hutto began working for Defendant on April 30, 2012.  Beginning approximately October 2012, Hutto began reporting directly to Production Superintendent Tyler Yelverton.  During Mr. Hutto's employment, Yelverton made age-related comments at the worksite.

14. Defendant also subjected Hutto to terms and conditions of employment, including the assignment of work routs, that were different than younger workers.

15. On January 9, 2014, Defendant terminated Hutto from his position of Production Foreman.  Defendant never issued Hutto a performance improvement plan, a written disciplinary warning, nor notice that his job was in jeopardy.

16. The effect of the practices complained of in paragraphs 12-15 above has been to deprive William A. Hutto of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

18. The unlawful employment practices complained of in paragraphs 12-15 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Atlas Energy Group, L.L.C., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to pay William A. Hutto appropriate back wages and benefits, in an amount to be proven at trial, prejudgment interest, and an equal amount in liquidated damages.

D. Order the Defendant to make William A. Hutto whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practice, including but not limited to rightful-place reinstatement or front pay in lieu thereof.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Robert Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

/s/ Suzanne Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749