IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| **Plaintiff,** | } } | **CIVIL ACTION NO.** |
| v. | } } | **3:17-cv-01582** |
| **ATLAS ENERGY GROUP, LLC** | } } } } | |
| **Defendant.** | } } | |

**PLAINTIFF'S PROPOSED ALTERNATE JURY INSTRUCTION NO. 11 AND SPECIAL VERDICT FORM ON THE ISSUE OF CAT'S PAW DOCTRINE**

Plaintiff, Equal Employment Opportunity Commission hereby files a Proposed Alternate Jury Instruction No. 11 and Special Verdict Form on the Issue of Cat's Paw Doctrine. EEOC files its Proposed Jury Instructions in compliance with the Court's Third Amended Scheduling Order of February 13, 2019 (Dkt. 41).

**PLAINTIFF'S ALTERNATIVE JURY INSTRUCTION NO. 11 (ALT.)**
**CAT'S PAW LIABILITY**

EEOC has brought this case, claiming that William Hutto was terminated because of his age. EEOC asserts that Mr. Hutto would not have been terminated by the Defendant but for his age. EEOC specifically contends that the decision to terminate Mr. Hutto was made by Tyler Yelverton. Atlas Resources denies EEOC's age discrimination claims and contends that the decision to terminate Mr. Hutto was made by Robin Harris, Dave Leopold and Mark Schumacher.

If you believe that Yelverton made the decision to terminate Hutto, then EEOC must prove by a preponderance of the evidence that:

    1.    William Hutto was terminated.

    2.    At the time of his termination, William Hutto was 40 years or older; and

**PLAINTIFF'S PROPOSED ALTERNATE JURY INSTRUCTION**    1

    3.    Yelverton would not have terminated Mr. Hutto but for his age.

If you believe that Harris, Leopold and Schumacher terminated Hutto, then EEOC must show:

    1.    William Hutto was terminated.

    2.    At the time of his termination, William Hutto was 40 years or older; and

    3.    Harris, Leopold and Schumacher would not have terminated Mr. Hutto but for his age.

If you believe Harris, Leopold and Schumacher terminated Hutto, but there was no evidence of discriminatory bias on their part, then you also must determine if there is evidence that they took into account biased negative information provided by Yelverton in making their decision to terminate Hutto. To succeed on this claim, EEOC must prove each of the following by a preponderance of the evidence:

    A.  Yelverton was motivated by Hutto's age in recommending his termination;

    B.  Yelverton intended that his recommendation would cause Hutto to suffer an adverse employment action;

    C.  Harris, Leopold and Schumacher would not have decided to terminate Hutto but for – in the absence of – Yelverton's recommendation.

EEOC is not required to prove that Harris, Leopold and Schumacher knew or should have known of Yelverton's discriminatory bias. EEOC must prove that Yelverton recommended Hutto's termination because of age discrimination and that his recommendation was a proximate cause of the decision by Harris, Leopold and Schumacher to terminate Hutto.

EEOC does not have to prove that discrimination is the only reason or the sole reason Defendant terminated Mr. Hutto. If you find that Defendant's stated reason for terminating Mr. Hutto is not the real reason for its decision, but instead is a pretext for age discrimination, then you may find that Defendant would not have decided to terminate Mr. Hutto but for his age.

    AUTHORITY:

Adapted from Fifth Circuit Pattern Jury Instructions, 11.15 (2016), 11.17 (Cat's Paw Doctrine Instruction); 29 U.S.C. § 621 et seq.; *Gross v. FBL Financial Services Inc.*, 129 S.Ct. 2343 (2009); *Ratliff v. City of Gainesville*, 256 F.3d 355, 59-62 (5th Cir. 2001), *Machinchick v. P B Power, Inc.*, 398 F.3d 345 (5th Cir. 2005)

**PLAINTIFF'S PROPOSED ALTERNATE JURY INSTRUCTION**     2

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

_____
UNITED STATES DISTRICT JUDGE

## **SPECIAL VERDICT FORM (ALT.)**

**INTERROGATORY 1(a):**

Do you find that Defendant's Production Superintendent Tyler Yelverton terminated William Hutto because of his age?

YES          _____

NO           _____

*If your Answer is Yes, please proceed to Interrogatory Two and Interrogatory Three.*

*If your Answer is No, please proceed to Interrogatory 1(b)-1(d).*


**INTERROGATORY 1(b):**

Has EEOC proved that Tyler Yelverton would not have recommended termination of William Hutto but for Hutto's age?

YES          _____

NO           _____

*If your Answer is Yes, please proceed to Interrogatory 1(c).*

*If your Answer is No, then do not answer any further questions. Please have the foreman sign this Special Verdict Form.*


**INTERROGATORY 1(c)**

Has EEOC proved that Tyler Yelverton acted with the intent that Hutto would suffer an adverse employment action as a result of his recommendation of termination?

YES          _____

NO           _____

*If your Answer is Yes, please proceed to Interrogatory 1(d).*

*If your Answer is No, then do not answer any further questions. Please have the foreman sign this Special Verdict Form.*

**INTERROGATORY 1(d):**

Has EEOC proved that Harris, Leopold and Schumacher would not have decided to terminate William Hutto in the absence of Yelverton's recommendation of termination?

**PLAINTIFF'S PROPOSED ALTERNATE JURY INSTRUCTION**                                          4

YES             _____

NO              _____

*If your Answer is Yes, please proceed to Interrogatory Two and Interrogatory Three.*

*If your Answer is No, please proceed to Interrogatory 1(b)-1(d).*

Respectfully submitted,

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

HEATHER E. NODLER
Trial Attorney
New York Bar No. 5455340

/s/ *Joel Clark*
JOEL CLARK
Senior Trial Attorney
Texas Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)

## CERTIFICATE OF SERVICE

This is to certify that on this, the 29th day of March, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of the Electronic Filing to Defendant's counsel, an ECF registrant.

/s/ *Joel Clark*

JOEL CLARK

**PLAINTIFF'S PROPOSED ALTERNATE JURY INSTRUCTION**                                                 6