IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>*Plaintiff*<br><br>v.<br><br>ATLAS ENERGY GROUP, L.L.C.<br><br>*Defendant* | §<br>§<br>§<br>§<br>§    Civil Action No. 3:17-CV-01582-N<br>§<br>§<br>§<br>§<br>§ |

### CONSENT DECREE

THIS CONSENT DECREE is made and entered into and between the Equal Employment Opportunity Commission ("EEOC") and Defendant, Atlas Energy Group, LLC ("Defendant"), collectively "the Parties" or "Parties," in the United States District Court for the by Northern District of Texas, Dallas Division, with regard to the EEOC's Complaint filed in Civil Action 3:17-cv-01582-N. The Complaint was based upon a Charge of Discrimination filed by William Hutto against Defendant.

The Complaint alleges that Defendant discriminated against William Hutto in violation of the Age Discrimination in Employment Act ("ADEA") by subjecting Hutto to different terms and conditions of employment and terminating him because of his age. The Defendant denies that Hutto was subjected to any age discrimination.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the Parties agree as follows, and the Court finds appropriate and ORDERS that:

1. This Consent Decree resolves all issues raised in EEOC Charge No. 450-2014-01444, filed by William Hutto ("EEOC Charge"), and all issues in the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and litigation on all issues raised in the EEOC Charge and the Complaint. The EEOC does not waive processing or litigating Charges other than the EEOC Charge.

2. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from any employment practice that discriminates on the basis of age with respect to recruitment, placement, hiring, termination, or any other employment action, and Defendant further agrees not to retaliate in any way against any person because of opposition to any practice declared unlawful under the Age Discrimination in Employment Act of 1967, as amended, or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

3. The Defendant shall post the Notice appended hereto as Attachment "A" on the employee bulletin board at its Fort Worth facility, within thirty (30) days after the entry of this Consent Decree. Defendant will report to the EEOC that it has complied with this requirement within 14 days after posting the Notice. The Notice shall remain posted during the term of this Consent Decree.

4. For each year that the Consent Decree is in effect, Defendant agrees to conduct an annual training session for all supervisory employees and employees with human resources

responsibilities, including officers, managers, and assistant managers, advising them of the requirements and prohibitions of the federal anti-discrimination laws with a special emphasis on the ADEA.  The training will inform the employees of the complaint procedures for individuals who believe that they are being discriminated against by Defendant. This annual training will also advise managers and supervisors of the consequences imposed upon Defendant for violating the ADEA. The training shall also include, but will not be limited to, topics regarding age discrimination in employment, harassment because of age, and retaliation.  The training shall be at least one (1) hour in duration.  The training may be conducted online, so long as it is mandatory training.  No less than ten (10) days before the training is conducted, Defendant agrees to give written notice to the EEOC as to the date and location of the training (if the training is in-person), the name and qualifications of the person providing the training and the substance of the training. Within twenty (20) days following the training, Defendant shall submit to the EEOC confirmation that the training was provided to all managers, supervisors, and employees, and a list of attendees. If the training is conducted online, Defendant agrees to provide a confirmation at least once a year that all applicable employees have taken such training.

5. Defendant shall impose discipline -- up to and including termination, suspension without pay or demotion -- upon any supervisor or manager who is found by reasonable evidence to have engaged in discrimination on the basis of age, or permitted any such conduct to occur in his or her work area or among employees under his or her supervision.  Defendant shall communicate this policy to all of their supervisors and managers.

6. Defendant shall advise all managers, and supervisors of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against discrimination on the basis of age, and to report any incidents and/or complaints of discrimination,

on the basis of age, of which they become aware to the persons charged with handling such complaints, provided that such persons are not the discriminators.

7. Defendant shall maintain a written log of all complaints of age-related discrimination. This log will include the date of the complaint, the substance of the complaint, the employee making the complaint, the person about whom the complaint is made and the result of all investigations conducted into claims of discrimination. Defendant will submit copies of this log to the Equal Employment Opportunity Commission on an annual basis during the term of this Consent Decree. The log will be sent annually to Joel Clark, Senior Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

8. Defendant shall segregate from any files relating to William Hutto and all documents, entries and references relating to the matters underlying the issues leading to the underlying Charges of Discrimination and this lawsuit. Any such documents segregated from Hutto's file should only be accessible by the Human Resources department and legal counsel.

9. Defendant agrees to pay to William Hutto the full and final sum of $85,000 dollars for backpay and for compensatory damages and all other damages. Standard deductions shall be made from the back pay amount of $42,500 (Forty-two Thousand Five Hundred dollars), for which a W-2 shall issue. No deductions shall be made from the balance of $42,500 (Forty-two Thousand Five Hundred dollars), for which a 1099 shall be issued. The payment referenced above, shall be made within 10 days after the effective date of this Consent Decree by check made payable to William Hutto. Defendant agrees to report to the EEOC within 20 days of entry of this Consent Decree regarding its compliance with this paragraph.

10. All reports to the EEOC required by this Decree shall be sent to Joel Clark, Senior Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

11.     If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

a.      Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

b.      Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

12.     Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

13.     The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

14.     The term of this Decree shall be for three (3) years.

SIGNED this 19th day of April 2019.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

ATTORNEYS FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749


/s/ Jeremy W. Hawpe
Jeremy W. Hawpe (Attorney-in-Charge)
Texas State Bar No. 24046041
jhawpe@littler.com


LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931
214.880.8100
214.880.0181 (Facsimile)


ATTORNEYS FOR DEFENDANT
ATLAS ENERGY GROUP, LLC

**ATTACHMENT A** Page A-1

# NOTICE TO ALL EMPLOYEES

**This NOTICE will be conspicuously posted for a period of three (3) years at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Atlas Energy Group, LLC that discrimination is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of the Age Discrimination in Employment Act (ADEA) and the Equal Employment Opportunity Commission's guidelines on discrimination and to reiterate Atlas Energy Group. LLC's policy on discrimination in employment.

**SCOPE**: This policy extends to all employees of Atlas Energy Group. LLC, both management and non-management.

**POLICY:** Under the Age Discrimination in Employment Act (ADEA) an employer cannot discriminate against qualified applicants and employees on the basis of age. This prohibition covers all aspects of the employment process, including:

- \*    application
- \*    testing
- \*    hiring
- \*    assignments
- \*    evaluation
- \*    disciplinary actions
- \*    promotion
- \*    medical examinations
- \*    layoff/recall
- \*    termination
- \*    compensation
- \*    leave

Atlas Energy Group. LLC hereby states that the harassment or disparate treatment of employees based on age is strictly prohibited. Harassment is a form of misconduct that undermines the integrity of the employment relationship. No employee should be subjected to unsolicited and unwelcome name-calling, "jokes," comments or other harassing conduct, either verbal or physical, because of his or her age.

**PROHIBITION AGAINST DISCRIMINATION:** Discrimination occurs when an employment decision is made based on a person's sex, race, national origin, gender, color, religion, age or disability rather than on legitimate factors. Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age. Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive. A hostile

work environment, even one that may not seriously affect employees' psychological well-being, violates the law.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that Atlas Energy Group. LLC has established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:**  Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to either that person's immediate supervisor, any supervisor or manager with Atlas Energy Group. LLC, the Human Resources Department, or the Chief Operating Officer. The Chief Operating Officer may be contacted by telephone at (817) 439-7563.  Supervisors and managers who are informed of an alleged incident of discrimination, including harassment, must immediately notify the Chief Operating Officer and/or Human Resources Department.   The Chief Operating Officer will maintain a written log of all complaints of age-related discrimination.  This log will include the results of all investigations into claims of age-related discrimination.

A person either, alternatively or in addition to reporting such an allegation to company officials, may contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination.  The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (800) 669-4000.  Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS**: A complete investigation of each complaint will be undertaken immediately by the Company or its assigned agent.  The investigation may include interviews of all employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under the ADEA. Atlas Energy Group. LLC will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Atlas Energy Group. LLC will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**EXCEPTIONS:** There are no exceptions to this policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF THREE YEARS.**

Signed this _____ day of _____, _____.

_____                    _____
Date                           On Behalf of:
                               Atlas Energy Group, LLC